**Thomas A. GRAY, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 2626.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 10, 1960.

Decided Nov. 28, 1960.

Josiah Lyman, Washington, D. C., for appellant.

H. Thomas Sisk, Asst. Corp. Counsel, Washington, D. C., with whom Chester H.

Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant was convicted of violating Section 157(m) of the Traffic and Motor Vehicle Regulations, which provides: "No owner of * * * a motor vehicle in the District of Columbia shall allow or permit the same to be operated by any individual who is not a duly licensed operator." At trial a police officer testified for the government that he saw an automobile go through a stop sign, interrogated the driver, and ascertained that he did not possess an operator's permit. Appellant, the owner of the vehicle, was seated on the operator's right. Both individuals were charged. Appellant testified that while driving home about four o'clock in the morning he became ill; that he noticed two strangers standing on the curb, stopped and asked if either one of them could drive an automobile; and that one of them stated that he could "drive an automobile in the District of Columbia." Appellant then requested him to drive the car around the corner in order that it could be parked. The unlicensed driver corroborated appellant's testimony.

On this appeal, appellant has indulged in innumerable assignments of error, many of which must be considered frivolous. His principal contention is that the government failed to prove the charge beyond a reasonable doubt. He argues that he lacked knowledge that the individual he permitted to operate his vehicle was unlicensed, and therefore he should not have been found guilty as a matter of law because there was no intent to violate the section. It is perfectly plain from the mandatory language of the section, however, that intent is not a necessary element to establish a violation. Certainly the traffic

regulations make no provision exculpating a car owner for his misplaced trust in an unlicensed driver, and we cannot read such an exception into the regulations. If the trial court accepted the proffered explanation, it might have mitigated the sentence, but this court cannot rule that the failure to make such an allowance was error.

Affirmed.

Chief Judge ROVER sat during the argument of this case and agreed with the foregoing opinion but died before its publication.